QING ROU LI, Petitioner,

v.

BOARD OF IMMIGRATION APPEALS, Respondent.

No. 05–4464–ag.

United States Court of Appeals, Second Circuit.

April 16, 2007.

Gary J. Yerman, New York, New York, for Petitioner.

Bradley J. Schlozman, United States Attorney for the Western District of Missouri, Jeffrey P. Ray, Assistant United States Attorney, Kansas City, Missouri, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Qing Rou Li, a citizen of the People's Republic of China, seeks review of an August 11, 2005 order of the BIA affirming the February 20, 2004 decision of Immigration Judge ("IJ") Adam Opaciuch denying Li's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qing Rou Li*, No. A78 863 160 (BIA Aug. 11, 2005), *aff'g* No. A78 863 160 (Immig. Ct. N.Y. City Feb. 20, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review agency findings of fact under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We review *de novo* the agency's legal conclusion that evidence presented in support of an asylum claim was insufficient to satisfy an applicant's burden of proof. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 146 n. 2 (2d Cir.2003).

■ Here, the IJ properly determined that Li had failed to meet the minimum threshold of harm required to establish that she has suffered past persecution. The IJ found, and the BIA affirmed, that the May 1999 incident (in which Li was arrested and detained after participating in an illegal church gathering) did not constitute persecution: Li alleges only that she was questioned for half an hour and warned not to attend any more illegal gatherings. *See Yuan v. U.S. Department of Justice,* 416 F.3d 192, 198 (2d Cir.2005) (substantial evidence supported an IJ's conclusion that alien did not suffer persecution where he was detained only briefly and was not mistreated while in custody).

■ Li also failed to demonstrate a well-founded fear of persecution. To establish asylum eligibility based on future persecution, an applicant must show a subjective fear of persecution that is objectively reasonable. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). Here, the IJ concluded, and the BIA affirmed, that Li had no a well-founded fear of persecution, because she practiced her

religion for three years without incident prior to leaving China, her family remains in China and continues to practice their religion, and because relocation was a "viable option."

Li argues that the IJ and BIA erroneously said that she was in hiding for several months rather than for several years. That is a mis-statement of the findings. Second, her claim that she remained in hiding because the government was looking for her based on her participation in underground religious gatherings is contradicted by her statement that she went into hiding to avoid the unwanted advances of a police officer. Li also admitted that, after she was released from detention in May 1999, she continued to practice her religion by attending services at private gatherings and that she experienced no problems related to her religion since her May 1999 arrest. Accordingly, these findings are supported by substantial evidence.

The IJ's and BIA's determination that Li could safely relocate in China is also supported by the record. The IJ relied on the State Department's 2003 International Religious Freedom Report, which advises that while there are reports of the government harassing members of some underground and unregistered churches, "local officials allow these services to continue provided that they do not grow in significant number and that they have no real connections to other religious organizations outside the country." The BIA quoted another passage, reporting that, " '[i]n some parts of the country, unregistered house churches with hundreds of members meet openly with the full knowledge of local authorities.' "

Li contends that the IJ and the BIA improperly placed the burden of proof on her to show an inability to relocate in China. *See* 8 C.F.R. § 1208.13(b)(3)(ii). However, neither the IJ nor the BIA placed any such burden on Li; instead, they relied in large measure on the State Department reports placed into evidence by the government. Inasmuch as substantial evidence supports that finding, pursuant to 8 C.F.R. § 1208.13(b)(2)(ii), Li did not have a well-founded fear of future persecution and, thus, was not eligible for asylum.

Because the IJ correctly determined that Li failed to demonstrate her eligibility for asylum, denial of withholding of removal, which requires a higher burden of proof, was also proper. *See Xiao Ji Chen v. U.S. Department of Justice,* 471 F.3d 315, 333 (2d Cir.2006).

Li does not challenge the IJ's determination regarding her political opinion claim in relation to the September 2001 incident. Consequently, this issue is deemed waived and will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 546 n. 7 (2d Cir.2005); *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir. 1998). Similarly, because Li does not argue her CAT claim in her petition for review to this Court, it too is deemed waived. *See Yueqing Zhang,* 426 F.3d at 542 n. 1, 546 n. 7; *Norton,* 145 F.3d at 117.[1]

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the

---

1. In her brief, Li brings to the Court's attention the fact that since her merits hearing before the IJ, she has given birth to two children and may be in violation of her country's family planning policy. However, she also admits that she did not make a family planning claim before the agency, and we decline to consider any such claim in the first instance. We note that Li may be entitled to file a successive asylum application based on changed circumstances, 8 U.S.C. § 1158(a)(2)(D), should she elect to pursue such a claim.

Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).